BIGHAM HARDWARE & FURNITURE CO.
et al. v. SPARKS LUMBER CO. et al.
(No. 5487.)

(Court of Civil Appeals of Texas. Austin.
April 28, 1915.)

1. GARNISHMENT ⊜⟹145—CLAIMS BY THIRD
PERSONS—ANSWER—SUFFICIENCY.

Under writ of garnishment issued and served on June 22, 1912, to subject corporate stock to the payment of a judgment against C., an answer was filed by a party claiming the stock by a purchase from S. on September 4, 1912. Held, that an exception to such answer on the ground that it showed a purchase of the stock after the writ was served, and that it did not appear therefrom that S. ever owned the stock, was erroneously overruled.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 273; Dec. Dig. ⊜⟹145.]

2. GARNISHMENT ⊜⟹218—TRIAL—EVIDENCE—
ADMISSIBILITY.

In a proceeding under a writ of garnishment to subject to the payment of a judgment against C. corporate stock which appeared upon the books of the corporation in the name of C.'s daughter, evidence that the daughter and her husband had admitted that she owned no interest in the stock, and had never owned it, was erroneously excluded.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 411–413; Dec. Dig. ⊜⟹218.]

Appeal from Coryell County Court; G. E. Johnson, Judge.

Action by the Bigham Hardware & Furniture Company and others against the Sparks Lumber Company and others. From the judgment, plaintiffs appeal. Reversed and remanded.

Watt L. Saunders and Sadler & Cobb, all of Gatesville, for appellants.

JENKINS, J. [1] On June 14, 1912, appellant company filed its affidavit in the county court of Coryell county, in cause No. 711, alleging that it was the owner of a judgment for $347 against J. B. Cass, and that said Cass was the owner of $1,000 of stock in the Sparks Lumber Company. A writ of garnishment was issued and served on said lumber company on June 22, 1912. On September 2, 1912, the lumber company filed its answer, denying that J. B. Cass was the owner of any shares of stock in said company. On September 12, 1912, appellants contested said answer, alleging that the books of said lumber company showed that Vera Cass was the owner of $1,000 of stock in said company, but that in truth and in fact said stock belonged to J. B. Cass, and that the same was placed by him in the name of his daughter Vera Cass, who had no interest therein. On October 14, 1912, appellant made Vera Cass (who had married R. H. Glenn) and also her husband parties defendant to said suit; and on January 25, 1913, by amended petition, alleged that M. J. Koza was claiming some interest in said stock, and made him a party defendant. No answer was filed by either J. B. Cass or Vera Glenn

and her husband, R. H. Glenn. Koza filed an answer, alleging that he was the owner of said stock, and that he had purchased the same on September 4, 1912, from one E. B. Stribling. Appellants excepted to the answer of Koza, for the reason that it showed he had purchased said stock after the writ of garnishment was served herein on the lumber company, and that it did not appear from said answer that said Stribling ever owned said stock. Said exception was overruled, and the action of the court therein is assigned as error. The exception should have been sustained; and, no answer having been filed by either Cass or Mrs. Glenn and her husband, and the lumber company having filed no answer denying the allegation that the stock stood upon its books in the name of Vera Cass, now Vera Glenn, judgment by default should have been rendered in favor of appellant company and the bank, which appeared to have purchased said judgment from said company pending this suit.

[2] It was shown upon the trial of this cause that Vera Cass appeared upon the books of the lumber company to be the owner of $1,000 of stock therein. Appellants offered to prove that Vera Glenn and her husband had admitted, since they were served with citation herein, that she owned no interest in said stock, and had never owned the same. Objection was sustained to said testimony. This was error.

For the reasons above stated, this case is reversed and remanded, and if the pleadings and evidence upon another trial are substantially the same as upon the former trial, the court will render judgment for the appellants.

Reversed and remanded.